IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SAVISTA, LLC, | ) CASE NO.: 8:24-cv-00351 |
| Plaintiff, | ) |
| v. | ) **DEFENDANT'S ANSWER TO** |
| | ) **PLAINTIFF'S COMPLAINT** |
| GS LABS, LLC, | ) **AND JURY DEMAND** |
| Defendant. | ) |

COMES NOW, Defendant GS Labs, LLC ("GS Labs"), by and through its undersigned counsel, and for its Answer to the Complaint filed by Plaintiff Savista, LLC ("Plaintiff"), states and alleges as follows:

1. The allegations in paragraph 1 of Plaintiff's complaint constitute a legal conclusion to which no response is required. To the extent a response is required, GS Labs denies the allegations.

2. GS Labs admits that Plaintiff provides accounts receivable management in the healthcare industry. Deny the remaining allegations in paragraph 2 of Plaintiff's complaint for lack of knowledge.

3. GS Labs admits that it was formed in January 2020. Deny the characterization of GS Labs's business activities. Admit that GS Labs's designated office address is 17560 Wright Street, Suite 5, Omaha, NE 68130.

4. GS Labs admits that it started providing COVID testing in October 2020 and that the business quickly expanded into multiple states. Deny the remaining allegations in paragraph 4 of Plaintiff's complaint and the characterizations of GS Labs's business as set forth therein.

5.      GS Labs admits that it has been involved in litigation with certain medical insurance providers. Admit that GS Labs denies it has engaged in any fraudulent conduct. Admit that GS Labs contends that its billing practices were proper under federal laws. Deny the remaining allegations in paragraph 5 of Plaintiff's complaint.

6.      GS Labs denies the allegations in paragraph 6 of Plaintiff's complaint and affirmatively allege that any media articles written about GS Labs speak for themselves but are irrelevant and immaterial to the dispute set forth in Plaintiff's complaint.

7.      GS Labs denies Plaintiff's characterization as to the reasoning of why GS Labs entered into an agreement with Plaintiff. Admit that on November 23, 2021, the parties entered into a Master Services Agreement (the "MSA") and also entered into subsequent amendments to the MSA, and further admits that the MSA and all subsequent amendments, collectively, constitute the agreement between the parties (the "Agreement").

8.      GS Labs admits that the parties entered into the First Amendment to the Master Services Agreement Between GS Labs, LLC and Savista, LLC on or about March 30, 2022. GS Labs affirmatively alleges that the MSA, along all subsequent amendments, including the Second Amendment to the Master Services Agreement Between GS Labs, LLC and Savista, LLC, collectively, constitute the entirety of the Agreement between the parties. GS Labs denies the remaining allegations in paragraph 8 of Plaintiff's complaint for the reason that Plaintiff attempts to summarize, in one short paragraph, the entire Agreement between the parties. GS Labs affirmatively alleges that the Agreement speaks for itself.

9.      GS Labs denies the allegations in paragraph 9 of Plaintiff's complaint.

10.     GS Labs admits that the parties entered into the Second Amendment to the Master Services Agreement Between GS Labs, LLC and Savista, LLC on or about March 31, 2023. GS

Labs affirmatively alleges that the MSA, along all subsequent amendments, including the Second Amendment to the Master Services Agreement Between GS Labs, LLC and Savista, LLC, collectively, constitute the entirety of the Agreement between the parties. GS Labs denies the remaining allegations in paragraph 10 of Plaintiff's complaint for the reason that Plaintiff attempts to summarize, in one short paragraph, the entire Agreement between the parties. GS Labs affirmatively alleges that the Agreement speaks for itself.

11. GS Labs denies the allegations set forth in paragraph 11 of Plaintiff's complaint.

12. GS Labs denies the allegations set forth in paragraph 12 of Plaintiff's complaint.

13. GS Labs admits that Plaintiff is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business at 200 North Point Center East, Suite 101, Alpharetta, Georgia 30022. Deny the remaining allegations in paragraph 13 of Plaintiff's complaint for lack of knowledge.

14. GS Labs admits the allegations in paragraph 14 of Plaintiff's complaint.

15. GS Labs admits Plaintiff is seeking jurisdiction in this court under 28 U.S.C. § 1332. GS Labs admits that it is a citizen of Nebraska and that the alleged amount in controversy exceeds $75,000. GS Labs denies the remaining allegations in paragraph 15 of Plaintiff's complaint for lack of knowledge.

16. The allegations in paragraph 16 of Plaintiff's complaint constitute a legal conclusion to which no response is required. To the extent a response is required, GS Labs admits the allegations in paragraph 16.

17. GS Labs admits the allegations in paragraph 17 of Plaintiff's complaint.

18. GS Labs admits that it was formed in January 2020. Deny the characterization of GS Labs's business.

19. GS Labs admits that it started providing COVID testing in October 2020.

20. GS Labs admits that it has been involved in litigation with certain medical insurance providers. Deny the remaining allegations in paragraph 20 of Plaintiff's complaint.

21. GS Labs admits that on November 23, 2021 the parties entered into a Master Services Agreement (the "MSA") and also entered into subsequent amendments to the MSA, and further admits that the MSA and all subsequent amendments, collectively, constitute the agreement between the parties (the "Agreement"). Deny the remaining allegations in paragraph 21 of Plaintiff's complaint.

22. GS Labs admits that the parties entered into the First Amendment to the Master Services Agreement Between GS Labs, LLC and Savista, LLC on or about March 30, 2022. GS Labs affirmatively alleges that the MSA, along all subsequent amendments, including the Second Amendment to the Master Services Agreement Between GS Labs, LLC and Savista, LLC, collectively, constitute the entirety of the Agreement between the parties. GS Labs denies the remaining allegations in paragraph 22 of Plaintiff's complaint for the reason that Plaintiff attempts to summarize, in one short paragraph, the entire Agreement between the parties. GS Labs affirmatively alleges that the Agreement speaks for itself.

23. GS Labs denies the allegations in paragraph 23 of the Plaintiff's complaint and affirmatively alleges that the Agreement speaks for itself.

24. GS Labs denies the allegations in paragraph 24 of the Plaintiff's complaint and affirmatively alleges that the Agreement speaks for itself.

25. GS Labs admits that the parties entered into the Second Amendment to the Master Services Agreement Between GS Labs, LLC and Savista, LLC on or about March 31, 2023. GS Labs affirmatively alleges that the MSA, along all subsequent amendments, including the Second

Amendment to the Master Services Agreement Between GS Labs, LLC and Savista, LLC, collectively, constitute the entirety of the Agreement between the parties. GS Labs denies the remaining allegations in paragraph 25 of Plaintiff's complaint for the reason that Plaintiff attempts to summarize, in one short paragraph, the entire Agreement between the parties. GS Labs affirmatively alleges that the Agreement speaks for itself.

26. GS Labs denies the allegations in paragraph 26 of Plaintiff's complaint and affirmatively alleges that the Agreement speaks for itself.

27. GS Labs admits the allegations in paragraph 27 of Plaintiff's complaint.

28. GS Labs admits the allegations in paragraph 28 of Plaintiff's complaint.

29. GS Labs admits that the quote from Paragraph 4.1(i) of the SOW for Accounts Receivable Workdown Services attached to the Second Amendment to the Master Services Agreement Between GS Labs, LLC and Savista, LLC is an accurate quote from that document. GS Labs denies the remaining allegations in paragraph 29 of Plaintiff's complaint and affirmatively alleges that the Agreement speaks for itself.

30. GS Labs admits that the quote from Paragraphs 4.1(ii) and 4.1(iii) of the SOW for Accounts Receivable Workdown Services attached to the Second Amendment to the Master Services Agreement Between GS Labs, LLC and Savista, LLC is an accurate quote from that document. GS Labs denies the remaining allegations in paragraph 30 of Plaintiff's complaint and affirmatively alleges that the Agreement speaks for itself.

31. GS Labs denies the allegations in paragraph 31 of Plaintiff's complaint and affirmatively alleges that the Agreement speaks for itself.

32. GS Labs denies the allegations in paragraph 32 of Plaintiff's complaint and affirmatively alleges that the Agreement speaks for itself.

## COUNT ONE
## [ALLEGED] BREACH OF CONTRACT INVOLVING THE INVOICE FOR SAVISTA'S WORK DURING APRIL 2023

33. GS Labs incorporates by reference its responses to paragraphs 1 through 32 of Plaintiff's complaint as though fully set forth herein.

34. GS Labs admits that the parties entered into a Master Services Agreement, (the "MSA") and also entered into subsequent amendments to the MSA, and further admits that the MSA and all subsequent amendments, collectively, constitute the agreement between the parties (the "Agreement"). Deny the remaining allegations in paragraph 34 of Plaintiff's complaint.

35. GS Labs denies the allegations in paragraph 35 of the complaint for the reason that Plaintiff attempts to summarize, in one short paragraph, the entire Agreement between the parties. GS Labs affirmatively alleges that the Agreement speaks for itself.

36. GS Labs denies the allegations in paragraph 36 of Plaintiff's complaint.

37. GS Labs denies the allegations in paragraph 37 of Plaintiff's complaint.

38. GS Labs denies the allegations in paragraph 38 of Plaintiff's complaint.

39. GS Labs denies the allegations in paragraph 39 of Plaintiff's complaint.

40. GS Labs admits that GS Labs made payments to Plaintiff pursuant to the Agreement. Deny the remaining allegations in paragraph 40 of Plaintiff's complaint.

41. GS Labs denies the allegations in paragraph 41 of Plaintiff's complaint.

42. GS Labs denies the allegations in paragraph 42 of Plaintiff's complaint.

43. GS Labs denies the allegations in paragraph 35 of the complaint for the reason that Plaintiff attempts to summarize, in one short paragraph, an entire provision in the Agreement between the parties. GS Labs affirmatively alleges that the Agreement speaks for itself.

44. GS Labs denies the allegations in paragraph 44 of Plaintiff's complaint.

45. GS Labs denies the allegations in paragraph 45 of Plaintiff's complaint.

GS Labs denies that Plaintiff is entitled to the relief demanded in Plaintiff's prayer for relief.

## COUNT TWO
## [ALLEGED] BREACH OF CONTRACT INVOLVING THE INVOICES FOR SAVISTA'S WORK DURING MAY, JUNE, AND JULY 2023

46. GS Labs incorporates by reference its responses to paragraphs 1 through 45 of Plaintiff's complaint as though fully set forth herein.

47. GS Labs admits that the parties entered into a Master Services Agreement, (the "MSA") and also entered into subsequent amendments to the MSA, and further admits that the MSA and all subsequent amendments, collectively, constitute the agreement between the parties (the "Agreement").  Deny the remaining allegations in paragraph 47 of Plaintiff's complaint.

48. GS Labs denies the allegations in paragraph 48 of the complaint for the reason that Plaintiff attempts to summarize, in one short paragraph, the entire Agreement between the parties. GS Labs affirmatively alleges that the Agreement speaks for itself.

49. GS Labs denies the allegations in paragraph 49 of Plaintiff's complaint.

50. GS Labs denies the allegations in paragraph 50 of Plaintiff's complaint.

51. GS Labs denies the allegations in paragraph 51 of Plaintiff's complaint.

52. GS Labs denies the allegations in paragraph 52 of Plaintiff's complaint.

53. GS Labs denies the allegations in paragraph 53 of the complaint for the reason that Plaintiff attempts to summarize, in one short paragraph, an entire provision in the Agreement between the parties.  GS Labs affirmatively alleges that the Agreement speaks for itself.

54. GS Labs denies the allegations in paragraph 54 of Plaintiff's complaint.

55. GS Labs denies the allegations in paragraph 55 of Plaintiff's complaint.

GS Labs denies that Plaintiff is entitled to the relief demanded in Plaintiff's prayer for relief.

## COUNT THREE
## [ALLEGED] QUANTUM MERUIT

56. GS Labs incorporates by reference its responses to paragraphs 1 through 55 of Plaintiff's complaint as though fully set forth herein.

57. GS Labs denies the allegations in paragraph 57 of Plaintiff's complaint.

58. GS Labs denies the allegations in paragraph 58 of Plaintiff's complaint.

59. GS Labs denies the allegations in paragraph 59 of Plaintiff's complaint.

60. GS Labs denies the allegations in paragraph 60 of Plaintiff's complaint.

GS Labs denies that Plaintiff is entitled to the relief demanded in Plaintiff's prayer for relief.

## COUNT FOUR
## [ALLEGED] UNJUST ENRICHMENT

61. GS Labs incorporates by reference its responses to paragraphs 1 through 61 of Plaintiff's complaint as though fully set forth herein.

62. GS Labs denies the allegations in paragraph 62 of Plaintiff's complaint.

63. GS Labs denies the allegations in paragraph 63 of Plaintiff's complaint.

GS Labs denies that Plaintiff is entitled to the relief demanded in Plaintiff's prayer for relief.

## AFFIRMATIVE DEFENSES

1. GS Labs generally denies each and every one of the allegations in Plaintiff's complaint, except for those allegations that constitute an admission against Plaintiff's interests or those allegations that are specifically admitted herein.

2. GS Labs states that one or more and/or all of the laws of the State of Nebraska apply to Plaintiff's claims and/or Defendant's claims/affirmative defenses.

3. Plaintiff's complaint fails to state a claim upon which relief may be granted.

4. Plaintiff's complaint, including all claims therein, is barred by the statute of frauds.

5. One or more and/or all of the events and/or damages alleged in Plaintiff's complaint were caused in whole or in part by the comparative or contributory fault and/or negligence of Plaintiff and/or its agents, employees, and/or joint venturers.

6. One or more and/or all of the events and/or damages alleged in Plaintiff's complaint were caused by one or more intervening, superseding causes unrelated to any of GS Labs's alleged actions and/or inactions.

7. Plaintiff has failed to join one or more necessary parties to its complaint.

8. Plaintiff assumed the risk of any damages, injuries, or other losses that Plaintiff claims it suffered in this case.

9. GS Labs alleges the defenses of anticipatory breach, lack of and/or failure of consideration, impossibility, legal rescission, repudiation, and voidance.

10. GS Labs alleges the defenses of fraud in the inducement, fraudulent/false misrepresentation, fraudulent concealment, and material misrepresentation.

11. Plaintiff's claims are barred in whole or in part by the doctrines of estoppel, laches, unclean hands, and/or waiver.

12. GS Labs alleges the defenses of offset and setoff.

13. Plaintiff has failed to mitigate its alleged damages, if any.

14. GS Labs reserves the right to assert any additional affirmative defenses that become known as this lawsuit progresses.

WHEREFORE, GS Labs prays that the Court dismiss Plaintiff's complaint with prejudice; enter judgment in GS Labs's favor; tax the costs of this action to Plaintiff; award GS Labs its attorney fees; and award GS Labs any further just and equitable relief that this Court deems appropriate.

## DEMAND FOR JURY TRIAL

GS Labs prays for a trial by jury on all issues so triable in the United States District Court located in Omaha, Nebraska.

DATED this 1st day of October, 2024.

          GS Labs, LLC, Defendant

BY:   */s/ Sarah M. Dempsey*
       Jordan W. Adam, #23723
       Sarah M. Dempsey, #25107
       FRASER STRYKER PC LLO
       500 Energy Plaza
       409 South 17th Street
       Omaha, NE 68102
       (402) 341-6000
       jadam@fraserstryker.com
       sdempsey@fraserstryker.com
       ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Answer was filed electronically on October 1, 2024 with the United States District Court for the District of Nebraska using the CM/ECF system, which sent notification of such filing to the following individuals:

Patrick E. Brookhouser, Jr. # 19245

Matthew G. Munro # 26190
McGrath North Mullin & Kratz, PC LLO
First National Tower, Suite 3700
1601 Dodge Street
Omaha, NE 68102
(402) 341-3070 phone
(402) 341-0216 fax
pbrookhouser@mcgrathnorth.com
mmunro@mcgrathnorth.com

-AND-

Martin R. Martos (#6303908)
FOX ROTHSCHILD LLP
321 N. Clark Street, Suite 1600
Chicago, Il 60654
Telephone: 312.517.9200
Facsimile:  312.517.9201
mmartos@foxrothschild.com

            */s/ Sarah M. Dempsey*

#3285882