IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| Savista, LLC<br><br>              Plaintiff,<br><br>  vs.<br><br>GS Labs LLC<br><br>              Defendant. | Case No. 8:24-cv-00351-BCB-MDN |

The following attorneys conferred to prepare the Report of Parties' Planning Conference for the above-captioned case:

(Identify, for each party, the counsel/pro se party who participated in preparing the Rule 26(f) Report).

**Pat Brookhouser and Martin Martos for Plaintiff and Jordan Adam and Sarah Dempsey for Defendant.**

The parties discussed the case and jointly make the following report:[1]

**I.     INITIAL MATTERS:**

    A.     <u>Jurisdiction and Venue</u>:  As to the defendant(s) (mark all boxes that may apply).

          ☐     Jurisdiction is contested because _____.

          ☐     Venue is contested because _____.

          ☒     Neither jurisdiction nor venue in Nebraska are contested.

---

    [1] Counsel are advised to use caution in filing this report as well as other documents so there is no disclosure of information required by the E-Government Act of 2002 to be kept non-public, such as addresses, phone numbers, social security numbers, etc. If such identifiers are required to be disclosed to opposing parties, you may wish to file redacted versions for the public court file and serve opposing parties with unredacted versions. See NECivR 5.3, available on the court's Website at www.ned.uscourts.gov.

    If the case alleges an action for forfeiture, complete only sections **IV: Settlement**; **V. Consent to Final Resolution by a Magistrate Judge**; and **VI: Case Progression**.

B. <u>Immunity</u>: As to the defendant(s) (mark all boxes that may apply).

☐ An immunity defense has been raised by a defendant.

☐ An immunity defense will be raised, such defense to be raised on or before **Click here to enter a date.**.

☒ No immunity defense has or will be raised in this case.

C. Either jurisdiction or venue is being challenged, or a defense of immunity has or will be raised, and:

☒ Not applicable.

☐ The parties agree that discovery and case progression can begin before the jurisdiction, venue, and/or immunity issues are decided.

☐ Any or all parties believe that case progression and discovery should be stayed pending a ruling on those issues, and

☐ before any motion(s) to resolve jurisdiction, venue, and/or immunity issues can be filed, initial discovery limited to those issues will be necessary, and such discovery can be completed by: **Click here to enter a date.**.
Explain: _____.

☐ a dispute exists as to whether and to what extent discovery is needed to resolve jurisdiction, venue, and/or immunity issues. A conference with the court is requested.

☐ motion(s) to resolve jurisdiction, venue, and/or immunity issues can be filed on or before **Click here to enter a date.**.

II. **CLAIMS AND DEFENSES:**

A. <u>Claims</u>:[2] Provide a brief statement of the alleged facts and a succinct summary of the alleged federal or state theories of recovery, citing any relevant statutes which provide the basis for any statutory claims. You do not need to list the elements of each claim.

---

[2] The category "Claims" includes any claims raised by any party, including not only those raised by the party(s) who filed the lawsuit, but any crossclaims, counterclaims, or third-party claims raised in the operative pleadings.

**Plaintiff alleges as follows:**

*Parties Involved:*
Savista, LLC ("Savista") provides accounts receivable management services, primarily in the healthcare industry. GS Labs, LLC, ("GS Labs") formed in 2020, initially focused on testosterone therapy but shifted to COVID testing during the pandemic.

*Contractual Background:*
In November 2021, GS Labs contracted Savista to manage its accounts receivable services. The original agreement was amended twice, with the second amendment, dated March 31, 2023, removing the guaranteed minimum payment to Savista and instead compensating Savista on a fully contingent fee basis based on collections.

*Legal Allegations:*
- **Breach of Contract: Savista alleges that GS Labs breached their contractual obligations by failing to pay for services provided, seeking recovery of the unpaid amounts under state contract law. Savista asserts that an account stated exists, as GS Labs acknowledged the amounts due through previous communications and did not dispute the invoices, thereby establishing a mutual agreement regarding the debt.**
- **Quantum Meruit: Savista argues for recovery under quantum meruit, contending that it provided valuable services to GS Labs with the reasonable expectation of compensation. Since GS Labs has failed to pay, Savista seeks recovery for the value of the services rendered, as recognized by the courts to prevent unjust enrichment.**
- **Unjust Enrichment: Savista claims that GS Labs was unjustly enriched by receiving benefits from the services without compensating Savista, which may fall under common law principles governing unjust enrichment.**

B. <u>Defenses</u>:[3] List each alleged affirmative defense to the claims, and for any defenses based on a statute, cite the relevant statute.

**Defendant has asserted the following affirmative defenses:**

---

[3] The category "Defenses" includes any defenses raised in any pleading filed in response to the operative complaint, any crossclaims, counterclaims, or third-party claims.

      a. **Plaintiff's Complaint fails to state a claim upon which relief may be granted.**
      b. **Plaintiff's Complaint, including all claims therein, is barred by the statute of frauds.**
      c. **Comparative or contributory fault or negligence.**
      d. **Intervening superseding cause.**
      e. **Failure to join necessary parties.**
      f. **Assumption of risk.**
      g. **Anticipatory breach, lack of and/or failure of consideration, impossibility, legal rescission, repudiation, and voidance.**
      h. **Fraud in the inducement, fraudulent/false misrepresentation, fraudulent concealment, and material misrepresentation.**
      i. **Estoppel, laches, unclean hands, and/or waiver.**
      j. **Offset and setoff.**
      k. **Failure to mitigate damages.**

**III.**    **METHOD OF RESOLUTION**: Please indicate below how the parties anticipate that this case will be resolved.

    ☐    <u>Administrative record</u> review:

        ☐    A party will request discovery.

        ☐    A party will not request discovery.
            **Note:** If no party is requesting discovery, the parties need not complete the **Section VI: Case Progression** portion of this report. Instead, contact the assigned magistrate judge to schedule a conference for entering an administrative review scheduling order.

        ☐    A dispute exists as to whether and to what extent discovery is needed. The parties need not complete the **Section VI: Case Progression** portion of this report at this time. Instead, contact the assigned magistrate judge to set a case progression conference.

    ☐    <u>Cross-motions</u> for summary judgment and/or resolution on stipulated facts:

        ☒    A party will request discovery.

        ☐    A party will not request discovery. The parties' cross-motions for summary judgment will be filed on or before **Click here to enter a date.**
            **Note:** If no party is requesting discovery, the parties need not complete the **Section VI: Case Progression** portion of this report.

☐ A dispute exists as to whether and to what extent discovery is needed. The parties need not complete the **Section VI: Case Progression** portion of this report at this time. Instead, contact the assigned magistrate judge to set a case progression conference.

☒ Trial:

 ☐ No party has timely demanded a jury trial.

 ☐ A party has timely demanded a jury trial and does not anticipate waiving that demand, and the parties agree that all or part of the claims in this case must be tried to a jury.

 ☒ A party has demanded a jury trial, and the parties disagree on whether trial by jury is available for all or part of this case.
A motion to strike the jury demand will be filed no later than:

**Plaintiff requests December 20, 2024. Plaintiff believes that an early determination on whether the case should be a bench trial would streamline the legal issues, avoiding delays and allowing for a faster resolution.**

**Defendant states that a deadline to file a motion to strike Defendant's jury demand should not be set until after the parties have completed discovery, as the Court does not generally set jury trials until after the close of discovery. Engaging in motion practice on Defendant's jury demand before then, especially if the parties are ordered to mediate this case, is a waste of judicial resources and attorney fees.**

 ☐ The party who previously demanded a jury trial now wishes to waive that right. Any other party who will now demand a jury trial will file that demand within 14 days of the filing of this report, in the absence of which jury trial will be deemed to have been waived.

## IV. SETTLEMENT:

Counsel state (mark all boxes that may apply):

☐ To date, there have been no efforts taken to resolve this dispute.

☒ Efforts have been taken to resolve this dispute

 ☒ prior to filing this lawsuit. Explain: The parties discussed possible settlement of the dispute before a lawsuit was filed as well as after Plaintiff

5

    filed its first lawsuit (see Case No. 8:24CV110). Those efforts so far have proved unsuccessful.

    ☐ after filing this lawsuit, but before the filing of this report.
      Explain: _____.

☒ Counsel have discussed the court's Mediation Plan and its possible application in this case with their clients and opposing counsel, and:

  ☒ It is agreed:

    ☐ Mediation is appropriate at this time, and pending the outcome of those efforts,

      ☐ case progression should be stayed.

      ☐ case progression should not be stayed

    ☒ Mediation may be appropriate in the future. Please explain when you believe mediation may be useful:  **Plaintiff's position is that this is a contract case; early disposition of what the contract means will lead to an expeditious resolution of this case and that no written, additional discovery needs to be conducted to determine what the contract requires. Defendant's position is that mediation may be useful after the parties have conducted some written discovery.**

    ☐ Mediation will not be appropriate.  Explain: _____.

    ☐ Counsel believe that with further efforts in the future, the case can be settled, and they will be prepared to discuss settlement, or again discuss settlement, by **Click here to enter a date.**.

  ☐ At least one party is not interested in exploring options for settling this case.

**V. CONSENT TO FINAL RESOLUTION BY A MAGISTRATE JUDGE**:

As explained more fully in the Civil Case Management Practices, in accordance with the provisions of 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties in this case may voluntarily consent to have a United States Magistrate Judge conduct all further proceedings in the case, including the trial, and order the entry of final judgment. The consent must be unanimous, and any appeal must be taken to the

United States Court of Appeals. If the parties do not presently consent, they may do so later. Absent consent, the case will remain with the assigned United States District Judge or, if not previously assigned to a District Judge, it will be randomly assigned to a District Judge.

☐ All parties hereby voluntarily consent to have the United States Magistrate Judge conduct all further proceedings in this case including the trial and entry of final judgment.

☒ At least one party does not currently consent.

**VI. CASE PROGRESSION:**

A. Initial mandatory disclosures required by Rule 26(a)(1).

☐ Have been completed.

X Will be completed by **December 6, 2024.**

B. Motions to amend the pleadings or to add parties.

☒ A plaintiff anticipates a need to amend pleadings or add parties. Motions to amend pleadings or add parties will be filed by Plaintiff(s) on or before **May 31, 2025.**

☒ A defendant anticipates a need to amend pleadings or add parties. Motions to amend pleadings or add parties will be filed by Defendant(s) on or before **May 31, 2025.**

If more than 90 days are needed, explain why: **The parties need to explore further discovery before determining whether they may need to amend their pleadings. This is reasonable given that the parties will lose several days in November, December, and January due to the holidays. Plaintiff, however, contends that the issues in this case are relatively narrow, primarily focused on contract interpretation. Because the core issues are clear and well-defined, Plaintiff argues that the case can proceed more efficiently and at an accelerated pace.**

C. Discovery.

1) As to written discovery under Rules 33, 34, 36, and 45:

    a.    The parties have discussed currently anticipated number of interrogatories, document production requests, and requests for admissions. Based on those discussions:

        ☒    The parties do not **currently** anticipate any disputes over the number of discovery requests served.

        ☐    The parties believe a dispute may arise over the number of (mark all boxes that may apply):

            ☐    Interrogatories.
            ☐    Requests for Production.
            ☐    Requests for Admission.

If the parties anticipate a possible dispute over the number of written discovery requests, when completing **Section VII** below, indicate when a conference with the court may be useful to avert or resolve that dispute.

    b.    Written discovery will be completed[4] by **Plaintiff believes written discovery can be completed by March 20, 2025. Plaintiffs believe that given the limited scope of the issues, additional time for written discovery is unnecessary, and thus a faster timeline for resolution is warranted. This approach would allow the case to progress more quickly, saving both judicial resources and attorney fees.**

**Defendant, however, states that written discovery should not close until July 31, 2025. Plaintiff is asserting an $873,949.09 (plus interest) claim against Defendant. With the approaching holidays and given the disputes the parties have already had over discovery in the prior lawsuit that Plaintiff filed against Defendant in this district (see Case No. 8:24-cv-00110), the parties are going to need time to conduct discovery.**

2)    As to expert disclosures as required under Rule 26(a)(2):

        ☐    The parties do not anticipate calling experts to testify at trial.

---

[4] "Completed" means the discovery answers or responses to written discovery have been served. As such, written discovery must be served sufficiently in advance of the discovery completion deadline to afford the responding party the time permitted under the discovery rules to answer or respond.

&boxtimes;   The parties anticipate calling experts to testify at trial, and

    1.   Counsel agree to at least **identify** such experts, by name, address, and profession (i.e., without the full reports required by Rule 26(a)(2)), by[5]: **The parties have differing proposals regarding the timeline for expert disclosures and reports.**

**Plaintiff proposes that all affirmative expert reports, including those from both parties, be served on or before July 21, 2025, and that rebuttal expert reports be served on or before August 21, 2025. Plaintiff also proposes that expert witnesses be identified by June 15, 2025.**

**Defendant proposes that Plaintiff identify its experts and serve expert reports on or before August 15, 2025; Defendant identifies its experts and serve expert reports on or before October 13, 2025; and Plaintiff identify its rebuttal experts and serve rebuttal expert reports on or before November 12, 2025.**

**Defendant states that it needs to depose Plaintiff's experts before Defendant can disclose its experts.**

    b.   Expert **reports** shall be served by[6]: **see subparagraph (a) above.**

    c.   Motions to exclude expert testimony on *Daubert* and related grounds will be filed by: **Plaintiff takes the position that motions to exclude expert testimony shall be filed by September 15, 2024. Defendant takes the position that motions to exclude expert testimony should be filed by December 12, 2025.**

3)   As to deposition testimony under Rules 30 and 45:

---

[5] **Note**: The parties may choose to eliminate this expert identification step and propose only an expert disclosure deadline. The parties may agree on separate dates for the plaintiff(s) and the defendant(s).

[6] **Note**: The parties may agree on separate dates for the plaintiff(s) and the defendant(s), and they may include rebuttal expert deadlines.

      a.      The maximum number of depositions that may be taken by the plaintiffs as a group and the defendants as a group is: **10 depositions, including experts.**

      b.      All depositions

          ☒      will be limited by Rule 30(d)(1).

          ☐      will be limited by Rule 30(d)(1), except as follows: _____.

      c.      All depositions, regardless of whether they are intended to be used at trial, will be completed by: **Plaintiff takes the position that depositions are to be completed by May 20, 2025, and expert depositions to be completed by August 15, 2025. Defendant takes the position that all depositions will be completed by December 1, 2025, which is after Plaintiff's deadline to disclose its rebuttal experts and reports.**

4)      Protective Order:

    ☒      All parties anticipate that a protective order will be needed to complete the exchange of discovery, and

          ☒      the parties hereby move the court to enter the court's standard protective order (see, Civil Case Management website page,

                ☐      with the court's standard Attorneys' Eyes Only provisions.

                ☐      with the court's standard HIPAA language permitting release of Protected Health Information.

          ☐      the parties hereby move the court to enter a protective order to be submitted by the parties separate from this report

          ☐      the parties will jointly move, or a party will move for entry of a protective order, emailing a copy of the proposed protective order in Word format to the

     chambers of the magistrate judge assigned to the case.[7]

   ☐ At least one party believes a protective order will not be necessary in this case.

5) Work Product and Privileged Information: The parties have reviewed the **Civil Case Management Practices**, including those provisions discussing discovery of **Privileged Information**, and they have discussed whether certain categories of documents, are presumptively privileged.

  ☒ The parties agree that the following categories of documents are presumptively privileged and need not be listed on a privilege log:

   ☒ Documents between legal counsel and clients created on or after **August 29, 2023**

   ☐ Documents maintained by consulting or testifying experts created on or after _____.

   ☒ The following documents: Documents between counsel of record in this case and their clients relating to the facts and issues involved in this case.

  ☐ Counsel have discussed the discovery of privileged information, but they have not agreed on what documents are presumptively privileged.

  If the parties anticipate a possible dispute over Work Product and Privileged Information discovery, when completing **Section VII** below, indicate when a conference with the court may be useful to avert or resolve that dispute.

6) Electronically Stored Information (ESI): The parties have reviewed the Civil Case Management Practices, including those provisions discussing discovery of ESI and,

---

[7] If a dispute exists over the need for a protective order, or the content of that order, the parties shall confer in good faith and if they cannot resolve the issue without court intervention, they shall schedule a conference call with the magistrate judge assigned to the case before engaging in written motion practice.

11

   ☐ the parties do not anticipate a dispute over preservation, scope, and production of ESI.

   ☒ the parties anticipate a dispute regarding the preservation, scope, and production of ESI.

   If the parties anticipate a possible dispute over ESI, when completing **Section VII** below, indicate when a conference with the court may be useful to avert or resolve that dispute.

  7) Other special discovery provisions agreed to by the parties include: _____.

D. Dispositive Motions.

  ☐ The parties do not anticipate filing motions to dismiss, for judgment on the pleadings, or for summary judgment as to any claims and/or defenses.

  ☒ A party anticipates filing a motion to dismiss, and/or for judgment on the pleadings, and/or or for summary judgment

   a. as to the following claims and/or defenses:[8] The parties anticipate filing cross-motions for summary judgment on their claims and Defendants' defenses;

   b. such motions to be filed on or before **Plaintiff proposes that such motions should be filed by August 30, 2025. Defendant proposes a deadline of December 12, 2025, for such motions.**

E. Other matters to which the parties stipulate and/or which the court should know or consider: **From Plaintiff's perspective, this is a straightforward contract case and involves relatively narrow issues of contract interpretation. The core issues are clear and focused, which is why Plaintiff advocates for an expedited process without extensive expert discovery. From Defendant's perspective, Plaintiff is seeking nearly $873,949.09 (plus interest) in damages from Defendant. The parties have already had disputes regarding written discovery in the first lawsuit, and Defendant anticipates there will be more disputes. The issues in this case cannot be resolved without written discovery and depositions, which will take some time to complete.**

---

[8] As to forfeiture actions, dispositive motions on any "claims and/or defenses" include any motions to suppress.

F. This case will be ready for trial before the court by: (month, year). **Plaintiff believes the case will be ready for trial by November 2025. Defendant, however, believes the case will be ready for trial by the first quarter of 2026.**

G. The estimated length of trial is 5 days.

VII. **CONFERENCING WITH THE COURT**:

A. Initial Case Conference:

☒ At least one party requests a conference with the court before the court enters a final case progression order for this lawsuit.

☐ All parties agree that the court may enter a final case progression order for this lawsuit without first conferring with the parties. As indicated above, the parties

B. Interim Status Conference:

☒ At least one party believes a court conference with the parties may be helpful (e.g., to assist with averting or resolving a dispute over written discovery, ESI, or privilege/work product discovery; following service of mandatory disclosures; after completing written discovery, etc.), and requests a conference be set in: **approximately March 2025.**

☐ The parties do not currently anticipate that a court conference will assist with case progression, and they will contact the assigned magistrate judge to schedule a conference if a problem arises.

Reminder: **By signing this document, counsel and any self-represented parties acknowledge that they have reviewed the Civil Case Management Practices, including those provisions discussing discovery of Electronically Stored Information and Privileged Information**.

Dated: **November 18, 2024**

s/*Patrick E. Brookhouser, Jr.*  
Plaintiff(s) or Plaintiff(s)' Counsel

s/*Jordan W. Adam*  
Defendant(s) or Defendant(s)' Counsel

CERTIFICATE OF SERVICE

13

I hereby certify that on November 18, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: Jordan Adam and Sarah Dempsey.

s/*Patrick E. Brookhouser, Jr.*

(Rev. 6/11/2020)